**FILED**

February 19, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 19-0982** (BOR Appeal No. 2054252)
                              (Claim No. 2018013969)

**REX ASHLEY,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Murray American Energy, Inc., by counsel Denise D. Pentino and Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Rex Ashley, by counsel Robert L. Stultz, filed a timely response.

The issue on appeal is medical treatment. The claims administrator denied a request for authorization of a C5-6 and C6-7 anterior cervical discectomy and fusion with plating in an Order dated February 20, 2019. On May 9, 2019, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's Order and authorized the requested surgery. This appeal arises from the Board of Review's Order dated September 24, 2019, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ashley filed a workers' compensation claim for injuries sustained on December 4, 2017, when he tripped and landed on his right shoulder, back, and hip. The physician's portion of the claim application was completed by John Manchin, D.O., who indicated that Mr. Ashley sustained an occupational injury resulting in a contusion of the right shoulder and radiculopathy. By claims administrator's Order dated December 19, 2017, the claim was held compensable for contusion of the right shoulder, and radiculopathy was denied as a compensable diagnosis in the claim. Mr. Ashley was awarded temporary total disability benefits from December 5, 2017, through December 14, 2017.

1

Mr. Ashley eventually received a right shoulder injection to treat his condition. He was seen by Behrooz Tohidi, M.D., for a follow-up of his shoulder injection on February 9, 2018. He reported that the shoulder injection helped his shoulder for about two days. Mr. Ashley complained of pain and a pulling sensation in the right shoulder when he moved his head. Dr. Tohidi noted that this was similar to a positive compression test. Dr. Tohidi opined that he had both right shoulder pathology and a short segment C6 radiculopathy. Dr. Tohidi recommended a cervical MRI for further evaluation. His assessment was impingement syndrome of the right shoulder and cervical disc displacement. An MRI of Mr. Ashley's spine performed on March 1, 2018, revealed large diffuse bulging disc space at C5-6 and C6-7 causing mild spinal stenosis changes secondary to significant impression upon the anterior aspect of the thecal sac and cervical cords.

When Mr. Ashley returned to Dr. Tohidi for follow-up on March 8, 2018, Dr. Tohidi reviewed the MRI and noted mildly bulging degenerative discs at C5-6 and a large protruding disc at C6-7. Dr. Tohidi opined that the protruding disc at C6-7 was "more than likely traumatically induced and does not seem to be degenerative in nature." He opined that the C6-7 protruding disc was related to Mr. Ashley's work accident and required surgical intervention. The diagnosis was impingement syndrome of the right shoulder and cervical disc displacement. Dr. Tohidi recommended a referral to a spinal surgeon for further evaluation and treatment.

Mr. Ashley treated with Scott Daffner, M.D., of WVU Medicine on March 19, 2018. Dr. Daffner's report noted that an MRI of his cervical spine showed a broad-based disc bulge at C5-6 to the left, and a small disc herniation to the right at C6-7, with mild to moderate central narrowing. There was no imaging evidence of spinal cord compression or cord signal changes. An MRI of the right shoulder showed inflammatory changes but no evidence of significant tears. An x-ray of Mr. Ashley's cervical spine showed degenerative disc changes at multiple levels. Dr. Daffner's assessment was cervical degenerative disc disease with disc bulging to the left at C5-6 and at the right at C6-7, right rotator cuff strain/tendinopathy, right biceps tendinitis, and hypertension. Dr. Daffner advised that it is hard to know if the findings on the cervical MRI are related to the work injury. However, because Mr. Ashley did not have symptoms prior to his fall at work, it is suspected that his current symptoms are related to his work injury.

On March 22, 2018, Dr. Manchin completed a Diagnosis Update form requesting that impingement syndrome of the right shoulder and cervical displacement be added as compensable diagnoses in the claim. On April 3, 2018, the claims administrator denied the request for additional diagnoses in the claim. Mr. Ashley protested the claims administrator's Order.

On April 11, 2018, Mr. Ashley returned to Dr. Tohidi for treatment of his right shoulder and neck pain. Dr. Tohidi noted that Dr. Daffner had recommended that he proceed with shoulder surgery. He further noted that Mr. Ashley's explanation of the mechanics of the work injury confirmed the injury and that the initial diagnosis of contusion as a preliminary diagnosis was no longer valid based upon additional medical findings. Dr. Tohidi recommended right shoulder surgery.

Mr. Ashley testified at a deposition on June 19, 2018, that he had never received treatment for his right shoulder or neck prior to his injury on December 4, 2017. He testified that four or five days before his injury he was required to pass a very rigorous physical before being hired. He stated that he suffers sharp pain going down his right shoulder and some neck bulging as a result of his work injury.

On September 18, 2018, the Office of Judges reversed the claims administrator's Order of April 3, 2018, and added the diagnosis of impingement syndrome of the right shoulder and cervical disc displacement to the claim. The Office of Judges noted that the right shoulder MRI revealed impingement and that both Dr. Tohidi and Dr. Daffner performed tests that proved right shoulder impingement and related the condition to the compensable injury. The Office of Judges noted that Dr. Tohidi opined the disc bulge at C5-6 was due to degenerative disc disease while the C6-7 protruding disc was related to the compensable injury. Dr. Daffner opined that the C6-7 disc protrusion was more likely than not related to the compensable injury as Mr. Ashley had no cervical problems before his compensable injury.[1]

Mr. Ashley treated with Daniel Wecht, M.D., a neurosurgeon, on November 15, 2018. After reviewing the medical record, Dr. Wecht recommended a new cervical MRI, cervical x-rays, and an EMG/NCS. On December 13, 2018, the claims administrator authorized an MRI and EMG/NCS. The cervical MRI performed on January 8, 2019, revealed mild disc bulging with mild neuroforaminal and mild spinal canal narrowing at C5-6 and C6-7. An EMG/NCS study performed on January 15, 2019, was interpreted as being unimpressive when compared with the cervical MRI.

When Mr. Ashley returned to Dr. Wecht on February 7, 2019, Dr. Wecht noted that the recent cervical MRI revealed profound narrowing and a disc herniation with cervical spondylosis and increased disc osteophyte complexes at C5-6 and C6-7 causing canal and foraminal stenosis. Dr. Wecht recommended a C5-6 and C6-7 anterior cervical discectomy and fusion ("ACDF") with plating in light of the radiographic testing and Mr. Ashley's failure to respond to conservative treatment. Dr. Wecht requested authorization for a C5-6 and C6-7 ACDF for diagnosis of C5-6 and C6-7 disc herniation.

On February 15, 2019, Prasadarao Mukkamala, M.D., performed an independent medical evaluation finding that the surgery was not necessary and that Mr. Ashley was not a candidate for surgery. Dr. Mukkamala stated that the MRI findings of the cervical spine described by the radiologist are moderate in degree. Following Dr. Mukkamala's assessment, the claims administrator denied the request for surgery on February 20, 2019. Mr. Ashley filed a timely protest.

In an Order dated May 9, 2019, the Office of Judges reversed the claims administrator's February 20, 2019, Order denying the request for surgery. The Office of Judges determined that Dr. Wecht, a specialist in neurosurgery, is better qualified to determine whether an ACDF

---

[1] On February 22, 2019, the Board of Review affirmed the September 18, 2018, decision of the Office of Judges.

procedure is warranted in Mr. Ashley's claim. It was found that the requested procedure was to treat Mr. Ashley's compensable C6-7 disc herniation. As a result, the Office of Judges reversed the claims administrator's decision and Ordered that Dr. Wecht's request for an anterior cervical discectomy and fusion with plating be authorized in the claim. In an Order dated September 24, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed authorization for the requested surgery.

After review, we agree with the findings and conclusions of the Office of Judges, as affirmed by the Board of Review. The evidence supports Dr. Wecht's request for the surgical procedure to treat the diagnosis of C6-7 disc herniation, which is a compensable condition in the claim. The requested surgery is medically necessary and reasonably related to the treatment of Mr. Ashley's C6-7 disc herniation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton